**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**MARINER HEALTHCARE, INC.; ET AL.,**                                                **PLAINTIFFS,**

**VS.**                                                **CIVIL ACTION NO. 4:04CV244-P-B**

**MURRY W. WEEKS, ET AL.,**                                                      **DEFENDANTS.**

**ORDER**

This matter comes before the court upon Defendant's Motion to Dismiss Complaint [3-1]. Upon due consideration of the motion and the responses filed thereto the court finds as follows, to-wit:

The plaintiff nursing home companies filed the instant action under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.,* seeking a declaration that the arbitration agreement signed by Murry W. Weeks, the representative of Dan Q. Weeks, deceased, is valid and enforceable. The plaintiffs also request an order (1) directing that all parties in interest to the arbitration agreement submit any claims they may have against the plaintiff nursing home companies to arbitration; and (2) enjoining the filing or continued pursuit of any action in any court to recover for the alleged injuries to and/or wrongful death of Dan Q. Weeks.

It is undisputed that in May 2003, Murry W. Weeks, in his representative capacity *vis-à-vis* Dan Q. Weeks, signed an arbitration agreement. This agreement provided that the parties therein agreed to submit to binding arbitration "all disputes against each other and their representatives, affiliates, governing bodies, agents and employees arising out of or in any way related or connected to the admission agreement and all matters related thereto, including matters involving the resident's stay and care provided at the facility, including, but not limited to, any

1

disputes concerning alleged personal injury to the resident caused by improper or inadequate care ...." The agreement also provided that "[t]he execution of this agreement is not a pre-condition to receiving medical treatment or for admission to the facility."

The defendants filed the instant motion pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the complaint should be dismissed for failure to state a claim.

The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. *E.g., Murray v. Amoco Oil Co.*, 539 F.2d 1385 (5th Cir. 1976). On a motion under Rule 12(b)(6), the court's inquiry essentially is limited to the content of the complaint. *E.g., Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994), *cert. denied*, 513 U.S. 868. While deciding upon such a motion to dismiss, the court is to construe the allegations of the complaint favorably to the pleader. *Scheuer v. Rhodes*, 416 U.S. 232 (1974). A motion to dismiss under Rule 12(b)(6) is viewed with disfavor and is rarely granted. *Shipp v. McMahon*, 234 F.3d 907 (5th Cir. 2000), *cert. denied*, 532 U.S. 1052. The test most often utilized to determine the sufficiency of a complaint to survive a Rule 12(b)(6) motion can be found in the Supreme Court's opinion in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957):

> [I]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

The defendants have set forth various arguments why there is no doubt that the plaintiffs can prove no set of facts to support their claims under the FAA. Most of these arguments are so clearly without merit that they require no discussion given the strong federal and state policy in

favor of enforcing arbitration agreements.

Under the FAA, written agreements to arbitrate controversies arising out of an existing contract "shall be valid, irrevocable and enforceable." 9 U.S.C. § 2. The Supreme Court has consistently held that "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration." *Volt Information Services, Inc. v. Board of Trustees of the Leland Stanford University*, 489 U.S. 468, 476 (1989). In making the decision of whether to submit a given claim to arbitration, "a court is not to rule on the potential merits of the underlying claims." *AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 649 (1986). A party to a contract containing an arbitration clause may not simply ignore the clause and resort to the courts. *Mesa Operating Ltd. Partnership v. Louisiana Intrastate Gas Corp.*, 797 F.2d 238, 245 (5th Cir. 1986).

Furthermore, a person is bound by the contents of a contract he signs, whether he reads it or not. *Massey v. Tingle*, 867 So.2d 235, 240 (Miss. 2004) ("[I]n Mississippi, a person is charged with knowing the contents of any document he executes)*; McKenzie Check Advance of Mississippi, LLC v. Hardy*, 866 So.2d 446, 455 (Miss. 2004) ("It is well settled under Mississippi law that a contracting party is under a legal obligation to read a contract before signing it."); *Washington Mutual Finance Group, LLC v. Bailey*, 364 F.3d 260, 262-68 (5th Cir. 2004) (even an illiterate person is charged with reading a contract); *Turner v. Terry*, 799 So.2d 25, 36 (Miss. 2001) ("parties to an arms-length transaction are charged with a duty to read what they sign; failure to do so constitutes negligence").

The defendants argue that this court lacks jurisdiction independent from the FAA because of the failure to join an indispensable party under Rule 19. According to the defendants, the

nursing home administrator is an indispensable party and should have been specifically made a party to the arbitration agreement. Therefore, defendants argue, diversity jurisdiction will be destroyed because the administrator is a non-diverse party. This argument is unavailing. As Judge Tom Lee wrote in *Bank One v. Coates*, 125 F.Supp.2d 819, 822 (S.D.Miss. 2001), "[t]he fact that the defendant may have asserted claims in state court against others who had some involvement in the underlying transaction does not make those others necessary parties to this action, in which the sole issue is whether the defendant is to be compelled to arbitrate its claims." *See also, Snap-On Tools, Corp. v. Mason*, 18 F.3d 1261, 1266-67 (5th Cir. 1994). In other words, the issues before the court in the case at bar include whether there was a valid arbitration agreement and whether said agreement binds the defendants. The presence of the nursing home administrator as a party to this suit to compel arbitration is unnecessary.

The court concludes that the defendants have not met their burden in showing that the plaintiffs have failed to state a claim.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Complaint [3-1] is hereby **DENIED**.

**SO ORDERED** this the 14th day of July, A.D., 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE