# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**MARINER HEALTH CARE, INC.; ET AL.,**                          **PLAINTIFFS,**

**VS.**                                                 **CIVIL ACTION NO. 4:04CV244-P-B**

**MURRY W. WEEKS, ET AL.,**                                  **DEFENDANTS.**

## ORDER DISMISSING CASE AND COMPELLING ARBITRATION

This matter comes before the court upon Plaintiffs' Motion to Compel Arbitration and to Stay/Enjoin Lawsuit in State Court [30-1]. After due consideration of the motion and the response filed thereto, the court finds as follows, to-wit:

It is undisputed that at the time of Dan Weeks's admission to the Greenwood Health and Rehabilitation Center nursing home, Murry W. Weeks entered into a contract on behalf of Dan Weeks with Greenwood Health & Rehabilitation Center, including an "Arbitration Agreement."

The Arbitration Agreement was signed by Murry W. Weeks atop the signature line delineated for the "Signature of Legal Representative/Date (if signing on behalf of Resident)." The Agreement was also signed by a facility representative. The document states that it "is an agreement to arbitrate any dispute that might arise between Dan Weeks ("Resident") and/or Murry W. Weeks ("Legal Representative" and [Greenwood Health and Rehabilitation Center] ("Facility") ("Facility" includes the particular facility where the Resident resides, its parents, affiliates, and subsidiary companies, owners, officers, directors, medical directors, employees, successors, assigns, agents, attorney and insurers.)"

The Agreement provides that "the parties agree that they shall submit to binding arbitration all disputes against each other ... arising out of or in any way related or connected to the Admissions

Agreement and all matters related thereto including matters involving the Resident's stay and care provided at the Facility, including but not limited to any disputes concerning alleged personal injury to the Resident caused by improper or inadequate care ... [etc.]"

Under the Federal Arbitration Act, written agreements to arbitrate controversies arising out of an existing contract "**shall** be valid, irrevocable and enforceable." 9 U.S.C. § 2 (emphasis added). The Supreme Court has consistently held that "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration." *Volt Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior University*, 489 U.S. 468, 476, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989).

In any event, a person is bound by the contents of a contract he signs, whether he reads it or not. *Washington Mutual Finance Group, LLC v. Bailey*, 364 F.3d 260, 262-63 (5th Cir. 2004) (even a illiterate person is charged with reading a contract); *Stephens v. Equitable Life Assur. Society of the U.S.*, 850 So.2d 78, 83-84 (Miss. 2003); *Massey v. Tingle*, 867 So.2d 235, 240 (Miss. 2004) ("[I]n Mississippi, a person is charged with knowing the contents of any document that he executes."); *Turner v. Terry*, 799 So.2d 25, 36 ("[P]arties to an arms-length transaction are charged with a duty to read what they sign; failure to do so constitutes negligence."); and *McKenzi Check Advance of Mississippi, LLC v. Hardy*, 866 So.2d 446, 455 (Miss. 2004) ("It is well settled under Mississippi law that a contracting party is under a legal obligation to read a contract before signing it.").

The court concludes that the motion to compel arbitration should be granted. Pursuant to 28

U.S.C. § 2283, the court concludes that the underlying state action should be stayed or dismissed[1] pending the outcome of arbitration.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Plaintiffs' Motion to Compel Arbitration and to Stay/Enjoin Lawsuit in State Court [30-1]. is **GRANTED**; therefore,

(2) All of the plaintiffs' claims against all defendants are hereby **COMPELLED TO ARBITRATION** pursuant to the subject agreement;

(3) Any of the plaintiffs' claims subject to the Arbitration Agreement that are the subject of a suit pending in state court are hereby **STAYED** pending the outcome of the binding arbitration pursuant to 28 U.S.C. § 2283; and

(4) The plaintiffs' claims in this action are **DISMISSED WITH PREJUDICE**; and

(5) This case is **CLOSED**.

**SO ORDERED** this the 21st day of July, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] "The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). "Any post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by ... 9 U.S.C. §§ 9-12." *Id*.